**INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL–CIO et al., Appellants,**

**v.**

**The BOEING COMPANY, a Delaware corporation; Rohr Corporation, a California corporation; and United States of America, Appellees.**

**No. 18453.**

United States Court of Appeals
Ninth Circuit.
March 15, 1963.

---

John E. Hedrick, Seattle, Wash., for appellants.

Holman, Marion, Black, Perkins & Coie, DeForest Perkins, James M. Hilton, J. David Andrews, Seattle, Wash., for appellee Boeing Co.

John W. Douglas, Acting Asst. Atty. Gen., Carl Eardley, Alan S. Rosenthal and David C. Katz, Attys., Dept. of Justice, Washington, D. C., Brockman Adams, U. S. Atty., Seattle, Wash., for appellee United States.

Before POPE, JERTBERG and BROWNING, Circuit Judges.

PER CURIAM.

1. We are satisfied that the District Court was in error in concluding that it was without jurisdiction to amend the preliminary injunction in the manner sought by the appellants' motion.

2. Under the rationale of this Court's decision in Seafarers International Union of North America, Pacific Dist. v. United States, 304 F.2d 437 (1962), an injunction issued under Section 208 of the Labor Management Relations Act of 1947, 29 U.S.C. § 178, should normally require maintenance of the status quo existing when the dispute arose, that is, in the usual case, a continuance of the terms and conditions of the pre-existing contract. We have no doubt that the District Court has discretion to permit departure from those terms and conditions upon a showing that such a departure is appropriate to accomplish the purposes of the Act. But any such departure must be justified by the party who proposes it, and the burden is necessarily a heavy one.

3. The order appealed from is vacated and the cause remanded to the District Court with directions to amend the preliminary injunction in accordance with this decision.

4. The judgment shall issue forthwith.

POPE and BROWNING, Circuit Judges, concur.

JERTBERG, Circuit Judge (concurring and dissenting).

I agree with the majority opinion that the District Court was in error in concluding that it was without jurisdiction to amend the preliminary injunction in the manner sought by the appellants' motion.

I further agree that the order appealed from should be vacated and the cause remanded to the District Court.

I dissent from that portion of the majority opinion which holds that it is mandatory upon the District judge to include in the preliminary injunction the provisions included in the appellants' motion.

I would remand the cause to the District Court for reconsideration on the present record or, as supplemented by further evidence, the appropriateness of the inclusion in the preliminary injunction of the provisions contained in appellants' motion.